UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BETTY G. RUNNER                                                      PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:08CV-567-S

COMMONWEALTH OF KENTUCKY, et al.                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court for consideration of the motion of the defendants, Commonwealth of Kentucky, *et al*. (collectively, "Commonwealth"), to dismiss the complaint for failure to achieve timely service of process, pursuant to Fed.R.Civ.P. 4(m)(DN 8), and motion of the plaintiff, Betty G. Runner ("Runner"), for default judgment (DN 7).[1]

In accordance with Rule 4(m), the defendants moved to dismiss the action on November 5, 2009, over one year after the filing of the complaint when the defendants had still not been properly served. Runner responded that she had served the "right" persons, and that, in any event, that certain individuals knew about the suit and therefor "ignored and neglected" her Complaint. (DN 9). She did not achieve proper service (*see,* Fed.R.Civ.P. 4(j)(2) and (m)), and the defendants, who were not properly brought before the court, had no obligation to answer. Fed.R.Civ.P. 12(a)(1). Runner filed a "Reply to Defendant's Reply Memorandum" which, although unauthorized, the court will permit in order to permit a fulsome response by the plaintiff. She has however, failed to even address the year-long delay in serving the defendants. She states only that "It's a professional insult to the court

---

[1] Runner's motions for leave to file additional documents (DNs 12, 13) will be granted, and the Commonwealth's motion to strike Runner's unauthorized surreply (DN 16) will be denied by separate order.

to think that the vague, and incorrect presentation by the Defendants' of such irrelevant information would sway the court in its decision...It is the Plaintiff's hope that the court will easily discern the extreme efforts by the Defendants to distort the facts in this case."

Runner does not seek an extension of time to effectuate proper service nor does she attempt to justify the delay. "*Pro se* status does not relieve [a plaintiff] of [the] obligation to properly effect service of summons and complaint as required by the Federal Rules of Civil Procedure." *Sayyah v. Brown County Board of Commissioners*, 2005 WL 1793843 (S.D.Ohio July 27, 2005). Additionally, it appears that she is still litigating these matters before the Commonwealth of Kentucky Personnel Board, as she has not completed the appeals process. *See,* Supplemental Filing (DN 12).

The defendants named in this action are not properly before the court without timely and proper service in accordance with the Federal Rules of Civil Procedure. This action will therefore be dismissed without prejudice by separate order.

**IT IS SO ORDERED.**